UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WANG, et al.,<br><br>　　　　　Defendants. | No.  2:14-cv-1817 KJM CKD P (TEMP)<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on the original pleading (ECF No. 1), which was found to state an Eighth Amendment medical indifference claim against defendant Wang (ECF No. 8).

　　　　Before the court is defendant's July 27, 2015 motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  (ECF No. 22.)  Plaintiff opposes the motion.

I.  Legal Standards for Motion to Dismiss

　　　　In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).

II. Plaintiff's Allegations

Plaintiff alleges that on Saturday, August 17, 2013, he informed Licensed Vocational Nurse ("LVN") Wang that he had a toothache and was in terrible pain. LVN Wang told plaintiff that there was nothing that she could do and directed him to submit a Medical Request Form. Plaintiff submitted the form that day and was seen by a dentist on Tuesday, August 20, 2013. Plaintiff seeks damages for the pain and suffering that he endured until his dental appointment.

III. Discussion

Defendant moves to dismiss the complaint on several grounds: (1) she was responsive to plaintiff's request for treatment, (2) her licensure precluded her from prescribing pain medication or providing dental treatment for a toothache, (3) plaintiff was not harmed by the delay, and (4) defendant is entitled to qualified immunity.

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Defendant first argues that plaintiff's allegations fail to state a claim because she did not act with deliberate indifference. The court agrees that plaintiff's allegations fall far short of the showing necessary for a claim of deliberate indifference. Not only does plaintiff fail to assert any facts to demonstrate the requisite state of mind, but he also fails to show that the minor 3-day delay before his dental appointment resulted in further injury or the "unnecessary and wanton infliction of pain." By plaintiff's own admission, LVN Wang did not outright refuse plaintiff's request for medical assistance. While plaintiff may have believed that LVN Wang should have

done more, there is no allegation that plaintiff's condition constituted a medical emergency. Even assuming that LVN Wang was somehow negligent or even grossly negligent, this, without more, does not establish a constitutional violation. Defendant's motion will therefore be granted.[1] Based on the exhibit attached to his opposition, it may be unlikely that plaintiff can adduce sufficient evidence to establish a viable deliberate indifference claim. Nonetheless, the court will grant him leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 22) is granted;

2. The Complaint (ECF No. 1) is dismissed with leave to amend;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: February 25, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

mb/king1817.mtd

---

[1] In light of this finding, the court declines to reach defendant's remaining grounds for dismissal.

4