UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KING,<br><br>   Plaintiff,<br><br>  v.<br><br>WANG, et al.,<br><br>   Defendants. | No. 2:14-cv-1817 KJM DB P<br><br><br>ORDER |

  Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action pursuant to 42 U.S.C. § 1983. On February 26, 2016, defendant Nurse Wang's motion to dismiss was granted, and plaintiff's complaint was dismissed with leave to amend. (ECF No. 32.) Now pending is plaintiff's first amended complaint for screening.

**I. Screening Requirement**

  The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

////

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

At all relevant times, plaintiff was an inmate housed at Folsom State Prison ("FSP") in Folsom, California. He brings suit against Nurse Wang and the FSP Health Care Manager III.

On August 17, 2013, plaintiff told Nurse Wang that his jaw is swollen, he has a toothache, and he is in terrible pain. Nurse Wang responded that there is nothing she can do and directed plaintiff to file a medical request. Plaintiff then suffered four days of pain, headaches and little sleep before he was treated for an abscessed tooth. Plaintiff claims dental emergencies require immediate care and not the submission of a medical request, and he accuses the Health Care Manager III of failing to properly supervise staff.

Plaintiff seeks damages in the amount of $40,000.

## IV. Discussion

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some

1 treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

2 Plaintiff accuses Nurse Wang of failing to provide any care after plaintiff complained of
3 terrible pain and swelling; instead, she directed plaintiff to file a medical request. Although prison
4 regulations include directives concerning a dental emergency, including the provision of
5 immediate care without regard to the filing of a medical request, plaintiff was forced to wait a
6 number of days in pain before he was examined by a dentist for an abscessed tooth. Plaintiff has
7 sufficiently alleged an Eighth Amendment medical indifference claim against Nurse Wang.

8 Plaintiff next accuses the Health Care Manager III of failing to supervise staff regarding
9 the provision of emergency dental care. These allegations fail to meet the minimum pleading
10 standards. Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate
11 that each defendant personally participated in the deprivation of his rights. See Jones v. Williams,
12 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions
13 of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v.
14 Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

15 To the extent plaintiff seeks to impose liability on the basis of the supervisory role of this
16 defendant, his claim fails. Government officials may not be held liable for the actions of their
17 subordinates under a theory of respondeat superior. Monell, 436 U.S. at 691. Liability may be
18 imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally
19 participated in the deprivation of constitutional rights or directed the violations or (2) knew of the
20 violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989);
21 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). This defendant cannot be held liable for
22 being generally deficient in his or her supervisory duties.

23 **V.    Conclusion**

24 The pleading states an Eighth Amendment medical indifference claim against Nurse
25 Wang. All other claims and defendants must be dismissed.

26 The court will grant plaintiff the opportunity to file a second amended complaint to cure
27 noted defects, to the extent he believes in good faith he can do so. Noll v. Carlson, 809 F.2d 1446,
28 1448-49 (9th Cir. 1987). If plaintiff chooses to amend, he must demonstrate that the alleged acts

4

resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

If plaintiff does not wish to file a second amended complaint, and he is agreeable to proceeding only on the claim found to be cognizable, he may file a notice informing the court that he does not intend to amend, and he is willing to proceed only on his cognizable claim. The court then will recommend dismissal of the remaining claims and defendant will be directed to file a responsive pleading.

If plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

For these reasons, IT IS HEREBY ORDERED that The Clerk's Office shall send plaintiff a blank civil rights complaint form;

1. Within thirty (30) days from the date of service of this order, plaintiff must either:
    a. File a second amended complaint curing the deficiencies identified in this order, or
    b. Notify the court in writing that he does not wish to file a second amended complaint and he is willing to proceed only on the claim found to be cognizable in this order; and

////

2. If plaintiff fails to comply with this order, the undersigned will recommend that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: March 31, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7;
/Inbox/Substantive;king1817.scrn.1AC