UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KING, | No. 2:14-cv-1817 KJM DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WANG, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court on defendant Nurse Wang's motion to dismiss the second amended complaint for failure to state a claim. Alternatively, she argues she is entitled to qualified immunity. Plaintiff opposes the motion. For the reasons set forth below, the undersigned will recommend that defendant's motion be denied.

**I.     Background**

    **A.     Factual Allegations**

On August 17, 2013, while housed at Folsom State Prison ("FSP"), plaintiff told Nurse Wang that his jaw is swollen, he has a toothache, and he is in terrible pain. Nurse Wang responded that there is nothing she can do and directed plaintiff to file a medical request. Plaintiff

1  then suffered four days of pain, headaches and little sleep before he was treated for an abscessed
2  tooth. Plaintiff claims defendant should have recognized his complaints as a dental emergency
3  and directed him to emergency care instead of simply submitting a medical request form. He
4  seeks damages

5        **B.**    **Procedural Background**

6        Plaintiff initiated this case on August 1, 2014. Therein, plaintiff alleged, in relevant part,
7  that he informed Nurse Wang about his need for immediate dental care, but that Wang failed to
8  offer any treatment or expedite plaintiff's appointment with a dentist or other medical
9  professional. He alleged that Nurse Wang intentionally disregarded plaintiff's serious symptoms
10 and directed him to complete a Medical Request Form and await the response in due course.

11       On November 6, 2014, the complaint was screened and the allegations were found
12 sufficient to state an Eighth Amendment claim against defendant Wang. (ECF No. 8.) No other
13 claims, however, were found cognizable. Plaintiff was thus provided the option of proceeding on
14 the complaint as screened or filing a first amended complaint. Plaintiff chose the former option,
15 and service was ordered on Nurse Wang. (ECF No. 18.)

16       On July 27, 2015, defendant filed a motion to dismiss. (ECF No. 22.) She argued that she
17 was responsive to plaintiff's request for treatment, that her licensure precluded her from
18 prescribing pain medication or providing dental treatment, and that plaintiff was not harmed by a
19 three-day delay before seeing a dentist. Alternatively, she argued that she was entitled to qualified
20 immunity.

21       On February 26, 2016, defendant Nurse Wang's motion to dismiss was granted after the
22 then-assigned magistrate judge found that the allegations, as plead, did not show a medical
23 emergency or deliberate indifference. (ECF No. 32.) Plaintiff's complaint was thus dismissed
24 with leave to amend.

25       On May 19, 2016, plaintiff filed a first amended complaint that was screened and found to
26 state an Eighth Amendment claim against Nurse Wang but not against a supervisory defendant
27 named therein. (ECF No. 39.) Plaintiff was then given another option to either proceed on the
28 amended pleading as screened or file a second amended complaint.

On April 19, 2017, plaintiff filed a second amended complaint. (ECF No. 40.) On review, the undersigned found that plaintiff simply re-asserted the claim against Nurse Wang that was previously found to be viable, and he dismissed his claim against the supervisory defendant. (ECF No. 41.) Nurse Wang was thus ordered to file a responsive pleading.

Defendant's June 20, 2017, motion to dismiss followed. (ECF No. 42.) Plaintiff opposes the motion. (ECF No. 43.)

**II.     Legal Standards**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted), and construe the pleading in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).

In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility.  See Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

Generally, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).  The court has an obligation to construe such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court

3

"may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation omitted).

### III. Discussion

Defendant moves to dismiss the second amended complaint pursuant to the law of the case doctrine. She argues that since plaintiff's allegations were previously found insufficient to state a claim, they should continue to be found insufficient because they are "nearly identical to those in the original." Def.'s Mot. Dism. ("MTD") at 1. She also argues that plaintiff fails to state a claim. In the alternative, she contends that she is entitled to qualified immunity.

#### A.   Eighth Amendment Legal Standards

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a

4

1    plaintiff must show that the delay was harmful.  See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th

2    Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.

3    1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In

4    this regard, "[a] prisoner need not show his harm was substantial; however, such would provide

5    additional support for the inmate's claim that the defendant was deliberately indifferent to his

6    needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at

7    1060.  In addition, a physician need not fail to treat an inmate altogether in order to violate that

8    inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.

9    1989) (per curiam). A failure to competently treat a serious medical condition, even if some

10   treatment is prescribed, may constitute deliberate indifference in a particular case.  Id.

   **B.  Analysis**

   **1.  Law of the Case Doctrine**

13       Under the "law of the case" doctrine, "a court is generally precluded from reconsidering

14   an issue that has already been decided by the same court, or a higher court in the identical case."

15   Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.) (cert. denied 508 U.S. 951 (1993). The doctrine is

16   not a limitation on a tribunal's power, but rather a guide to discretion. Arizona v. California, 460

17   U.S. 605, 618 (1983).

18       A court may have discretion to depart from the law of the case where: 1) the first decision

19   was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on

20   remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice

21   would otherwise result. Failure to apply the doctrine of the law of the case absent one of the

22   requisite conditions constitutes an abuse of discretion. Thomas, 983 F.2d at 155.

23       On review, the undersigned finds the allegations in the complaint and second amended

24   complaint are sufficiently different such that the law of the case doctrine does not warrant

25   dismissal of the operative pleading because "other changed circumstances exist." Thomas, 983

26   F.2d at 155.

27       Plaintiff's allegations in the original complaint, in their entirety, are reproduced here:

28   ////

> On Saturday August 17, 2013, I approached Medical Staff C/O Beza, and C/O Harding, and told them that my jaw is swollen, I have a bad toothache, and I am in terrible pain. I asked C/O Beza if there was any way that I could get to the Hospital Door and have someone look at my tooth. He and C/O Harding informed me that there is no one over there because it is a weekend. C/O Beza then referred me to LVN Wang. After I explained my situation she told me to put in a Medical Request Form and there was nothing that she can do. I put in a Medical Request that day and I subsequently seen [sic] the Dentist on Tuesday August 20, 2013.

Compl. at 3 (ECF No. 1 at 4.) On grant of defendant's first motion to dismiss, the then-magistrate judge held that these allegations are insufficient to show a serious medical condition and deliberate indifference.

In contrast, the second amended complaint includes a number of additional allegations that, liberally construed, are sufficient to withstand the instant motion. He alleges, for example, that he was suffering from an abscessed tooth; that an abscessed tooth can be life-threatening; that Nurse Wang, through her medical training, knew or should have known that plaintiff's symptoms constituted a dental emergency; that Nurse Wang, who claimed that "there is nothing I can do," was in fact authorized to direct plaintiff to immediate emergency care; that Nurse Wang disregarded plaintiff's symptoms by telling him instead to simply file a medical request form; and that as a result of Nurse Wang's deliberate indifference, plaintiff suffered pain for three days before finally being treated for the abscessed tooth by a dentist. These allegations are not "nearly identical" to those asserted in the original complaint, and they withstand the weaknesses identified in that complaint.

### 2. Failure to State a Claim

Defendant next argues that she was not deliberately indifferent when she directed plaintiff to fill out a medical request form for a toothache and that she did not have the license to prescribe pain medication or treat a toothache. But plaintiff alleges more than a mere toothache. He alleges that he was suffering from an abscessed tooth and that he described a swollen jaw and terrible pain. He also alleges that defendant's directive to simply fill out a medical request form was constitutionally indifferent to his medical needs since she should have known that his complaints were serious, and she had the authority to refer plaintiff to immediate emergency care.

6

1          Defendant also argues that plaintiff was not "substantially harmed" by the three-day delay
2  between his medical request and treatment by a dentist. This, however, is not the test for an
3  Eighth Amendment medical indifference claim. If defendant's argument was accepted, a prison
4  official fully aware that a prisoner was suffering from the most excruciating pain conceivable
5  could leave him to suffer indefinitely without violating the Eighth Amendment because the
6  prisoner's pain could not get any worse. This is not the law. See, e.g., Fields v. Gander, 734 F.2d
7  1313, 1315 (8th Cir. 1984) ("Fields claims that Gander knew of the pain he was suffering during
8  late April or early May of 1983, observed swelling in Fields' face, and still refused to provide
9  dental care for him for up to three weeks. In our view, Fields' allegations could support a finding
10 of an eighth amendment deprivation in violation of section 1983."). A delay resulting in the
11 unnecessary and wanton infliction of pain is sufficient to support a claim of deliberate
12 indifference. See Hunt v. Dental Dep't, 865 F.2d 198, 201 (9th Cir. 1989). Plaintiff here claims
13 that he suffered excruciating pain awaiting his dental visit. This is sufficient.

14              **3.     Qualified Immunity**

15       In the alternative, defendant contends she is entitled to qualified immunity. The court
16 finds that it cannot conclude that qualified immunity is appropriate at this stage in the
17 proceedings. "Qualified immunity is an affirmative defense that must be raised by a defendant."
18 Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001). Therefore, dismissal under Rule 12(b)(6),
19 "is not appropriate unless [the court] can determine, based on the complaint itself, that qualified
20 immunity applies." Id.
21       In this case, the pleading alleges that defendant was deliberately indifferent to plaintiff's
22 dental emergency when she directed him to simply file a medical request form instead of
23 directing him to emergency care as she was authorized to do. At the time of Nurse Wang's
24 alleged conduct, the law on deliberate indifference to medical needs was clearly established. The
25 Ninth Circuit established long ago that "dental care is one of the most important medical needs of
26 inmates" and that prison officials' acts which "deny, delay, or intentionally interfere with medical
27 treatment" Hunt, 865 F.2d at 200-01 (internal quotations omitted). It was therefore clearly
28 established in 2013 that a prison official who delays the receipt of necessary dental treatment has

violated the inmate's constitutional rights. Id. at 201. Defendant is thus not entitled to qualified immunity.

### IV. Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss be denied, and defendant be directed to file an answer within ten (10) days from the date that these findings and recommendations are adopted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: July 26, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7;
/DB/Inbox/Substantive/king1817.mtd2

8