UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID KING,

    Plaintiff,

    v.

WANG,

    Defendant.

No. 2:14-cv-1817 KJM DB P

<u>ORDER</u>

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action against Defendant Licensed Vocational Nurse ("LVN") Q. Wang on a single Eighth Amendment medical indifference claim. On May 30, 2018, Defendant filed a motion for summary judgment, which is supported by Defendant's own declaration and that of her expert witness, Dr. L. Del Debbio. (<u>See</u> ECF No. 53.)

Plaintiff has now filed a motion for appointment of counsel and a motion for a court-appointed expert witness. For the reasons set forth below, both motions will be denied.

**A.    Motion for Appointment of Counsel**

Plaintiff moves for appointment of counsel on the grounds that he is unable to depose or take the depositions of Defendant and Dr. Del Debbio to rebut certain claims they make in their respective declarations.

Plaintiff's request will be denied for two reasons. First, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain

1

exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

In addition to the foregoing, Plaintiff's request will be denied for the simple reason that discovery in this case ended on February 2, 2018, and any request to depose the Defendant and/or her expert witness should have been filed by that date. (See ECF No. 49.) This decision stands even if the Court construes Plaintiff's request as one brought pursuant to Federal Rule of Civil Procedure 56(d), which provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002). A party seeking additional discovery under Rule 56(d) must "explain what further discovery would reveal that is 'essential to justify [its] opposition' to the motion[ ] for summary judgment." Program Eng'g, Inc. v. Triangle Publ'ns, Inc., 634 F.2d 1188, 1194 (9th Cir. 1980) (first alteration in original). There must also be some showing that the moving party has diligently pursued discovery in the past. See California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990). Here, Plaintiff has not made any showing that he sought to depose Defendant or her expert witness at any point during the period when discovery was open to him.

Accordingly, Plaintiff's request for appointment of counsel will be denied.

**B.    Motion for Court-Appointed Expert**

Plaintiff has also filed a request for a court-appointed expert to assist "the trier of fact to understand the evidence or to determine a fact in issue." (ECF No. 57.)

Federal Rule of Evidence 706 provides "the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a). However, court-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand. See Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999) (appointing a physician expert witness where medical testimony on record was "not particularly clear"); Woodroffe v. Oregon, 2014 WL 1383400, at *5 (D. Or. April 8, 2014) ("This Rule permits a court to appoint a neutral expert to assist the court to understand complex, technical, or esoteric subject matter."); In re Joint E. & S. Districts Asbestos Litig., 830 F. Supp. 686, 693 (E.D. N.Y. 1993) (noting that court appointment of experts is appropriate only in "rare circumstances" and should be reserved for "exceptional cases" in which the ordinary adversarial process does not suffice, such as complex mass tort problems.) Courts do not invoke Rule 706 simply to "appoint an expert on behalf of an indigent civil party." Woodroffe, 2014 WL 1383400, at *5; see also Gorton v. Todd, 793 F. Supp. 2d 1171, 1178 n.6 (E.D. Cal. 2011) (where "all parties agree[d]" Rule 706 did not permit the appointment of a neutral expert witness solely for an indigent prisoner's "own benefit" in aiming to prove deliberate indifference.)

Here, insofar as Plaintiff seeks appointment of an expert witness for his own benefit, the Court has no authority to grant him such relief. Rule 706(a) of the Federal Rules of Evidence permits the court to appoint only neutral expert witnesses. Id. Moreover, "28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." Gorton, 793 F. Supp. 2d at 1184 n.11.

Next, Plaintiff fails to demonstrate that this action is so complex that it requires the appointment of an expert witness to assist the trier of fact. Plaintiff does not explain how his deliberate indifference claim is factually or legally complex. Plaintiff's claims of deliberate indifference to serious medical need are not so complex that the court requires a neutral expert at the summary judgment stage. See, e.g., Noble v. Adams, 2009 WL 3028242, at *1 (E.D. Cal.

Sept. 16, 2009) (denying plaintiff's request to appoint medical expert witness in section 1983 action because "the issues are not so complex as to require the testimony of an expert"); Lopez v. Scribner, 2008 WL 551177, at *1 (E.D. Cal. Feb. 27, 2008) (denying plaintiff's request to appoint medical expert witness in § 1983 action because "the legal issues involved in this action are not particularly complex."); Hooker v. Adams, 2007 WL 4239570, at *1 (E.D. Cal. Dec. 3, 2007) (plaintiff's motion for the appointment of an expert witness denied as "the legal issues involved in this action are not particularly complex."). Rather, this case involves a relatively straightforward Eighth Amendment claim that will turn on the nature of Defendant's response to Plaintiff's medical need.

Plaintiff's motion for a neutral expert under Rule 706 will therefore also be denied.

**III. Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 56) is denied; and
2. Plaintiff's request for a court-appointed expert (ECF No. 57) is denied.

Dated: July 13, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Routine/king1817.31+31c

4