UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KING,<br><br>                    Plaintiff,<br><br>     v.<br><br>WANG,<br><br>                    Defendant. | No. 2:14-cv-1817 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. This matter proceeds against a single defendant, Licensed Vocational Nurse ("LVN") Q. Wang, on an Eighth Amendment medical indifference claim. Defendant now moves for summary judgment. Plaintiff opposes the motion. Because the Court finds that there is no dispute of material fact as to whether defendant violated plaintiff's rights, the undersigned will recommend that defendant's motion be granted.

I. **Plaintiff's Allegations**

On August 17, 2013, while housed at Folsom State Prison ("FSP"), plaintiff told LVN Wang that his jaw is swollen, he has a toothache, and he is in terrible pain. LVN Wang responded that there is nothing she can do and directed plaintiff to file a medical request. Plaintiff then

suffered four days of pain, headaches and little sleep before he was treated for an abscessed tooth. Plaintiff claims defendant should have recognized his complaints as a dental emergency and directed him to emergency care instead of simply submitting a medical request form.

**II.  Undisputed Facts[1]**

At all relevant times, plaintiff was a state inmate housed at FSP, Sec. Am. Compl. at 1-2, and defendant was employed at FSP as a LVN. Decl. of Q. Wang in Supp. of Def.'s Mot. Summ. J. (ECF No. 53-4) ¶ 1.

As an LVN, defendant may only practice under the direction of a physician or a Registered Nurse ("RN"). Wang Decl. ¶ 5. She is not trained to evaluate dental conditions, and she is not allowed to prescribe medication. Id. Additionally, LVN Wang did not schedule inmates for dentist visits, and she had no control over scheduling such visits once a Health Care Services Request Form was received by a RN. Id. ¶ 9.

On August 15, 2013 (a Friday), plaintiff submitted a health request form to "see dentist ASAP bad toothache." Decl. of L. Del. Debbio in Supp. of Def.'s Mot. Summ. J. (ECF No. 53-5) ¶ 4, Ex. A. Plaintiff had been experiencing pain for approximately nine days by this point. See Pl.'s Dep. at 20:12-14. Some days the pain was "terrible," and other days it would "ease up." Id.

Plaintiff's August 15 request for treatment was reviewed by an RN that day and then received by the dental office on August 16. Del Debbio Decl. Ex. A. For scheduling purposes, a health care request can be deemed "Routine," meaning an appointment should be scheduled within 14 calendar days; "Urgent," meaning an appointment should be scheduled within 24 hours; and "Emergency," meaning an appointment should be scheduled immediately. See Del Debbio Decl. Ex. B. Neither the RN's August 15 review or the dental office's August 16 receipt of plaintiff's health care request checked how plaintiff's appointment, if any, should be scheduled. See id.

On August 17, 2013 (a Saturday), plaintiff complained about "terrible pain" from a toothache and a swollen jaw to LVN Wang during a medication pass. Pl.'s Opp'n at 1-2; Pl.'s

---

[1] All facts are undisputed unless noted otherwise.

2

| | |
|---|---|
| 1 | Dep. at 15:16-19; Wang ¶ 4. The pain caused plaintiff to lose sleep the night before. Pl.'s Dep. at |
| 2 | 20:15-16. |

Per plaintiff, LVN Wang responded, "there is nothing I can do, put in a medical request." Pl.'s Opp'n at 2. LVN Wang's "nonchalance at [plaintiff's] medical condition" and her "irritat[ion]" surprised plaintiff. Pl.'s Dep. at 12:20—13:9.

LVN Wang does not remember this conversation, but she states that her normal practice if she observed significant swelling would be to speak with a RN in the Triage and Treatment Center ("TTC").[2] Wang Decl. ¶ 10.

Right after his interaction with LVN Wang, plaintiff submitted a Health Care Services Request Form stating that he "need[ed] to see the dentist. Possible absessed [*sic*] tooth." Pl.'s Dep. at 18:1-5; Del Debbio Decl. Ex. B. This form was received on August 18 by the TTC RN and then reviewed by the dental office on August 20. Id.

Dr. Del Debbio, the FSP dentist who treated plaintiff, reviewed plaintiff's August 17 form on August 20 and deemed his request "Urgent"; Dr. Del Debbio did not think plaintiff required immediate treatment. Id. ¶ 9, Ex. B. Dr. Del Debbio extracted plaintiff's tooth the following day, on August 21. Id. Ex. B.

The dental progress notes completed on the day of the extraction indicate that plaintiff was experiencing pain levels of 5-6 (out of 10) for approximately two weeks. Del Debbio Decl. ¶ 7, Ex. C. In a Dental Pain Profile that was also completed on August 21, plaintiff indicated that his pain was "dull," and it had "minimum" impact on his daily functioning. Id. Ex. D. Indeed, plaintiff admits that the pain did not affect his ability to perform his job duties or daily activities. Pl.'s Dep. at 22:8-14.

During a follow-up appointment on August 29, 2013, Dr. Del Debbio noted that the extraction area was healing, and plaintiff was not experiencing any pain or swelling. Del Debbio Decl. Ex. D.

////

---

[2] While a dentist was on call on the weekends for inmates needing immediate dental services, no dentist at FSP held regular clinic hours on weekends. Del Debbio Decl. ¶ 8.

### III. Legal Standards

#### A. Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325.); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party typically may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or

admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11.

However, a complaint that is submitted in substantial compliance with the form prescribed in 28 U.S.C. § 1746 is a "verified complaint" and may serve as an opposing affidavit under Rule 56 as long as its allegations arise from personal knowledge and contain specific facts admissible into evidence. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995) (accepting the verified complaint as an opposing affidavit because the plaintiff "demonstrated his personal knowledge by citing two specific instances where correctional staff members . . . made statements from which a jury could reasonably infer a retaliatory motive"); McElyea v. Babbitt, 833 F.2d 196, 197–98 (9th Cir. 1987); see also El Bey v. Roop, 530 F.3d 407, 414 (6th Cir. 2008) (Court reversed the district court's grant of summary judgment because it "fail[ed] to account for the fact that El Bey signed his complaint under penalty of perjury pursuant to 28 U.S.C. § 1746. His verified complaint therefore carries the same weight as would an affidavit for the purposes of summary judgment."). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

To show the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving

party." Walls v. Central Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

**B. Civil Rights Act Pursuant to 42 U.S.C. § 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

**IV.     Discussion**

    **A.  Eighth Amendment Medical Indifference**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320).  In order to prevail on a claim of cruel and unusual punishment, however, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur.  Wilson, 501 U.S. at 298-99.

For an Eighth Amendment claim arising in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

7

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

**B. Analysis**

Defendant moves for summary judgment on the ground that there is no dispute of material fact as to whether she demonstrated deliberate indifference on August 17, 2013. Alternatively, she contends that she is entitled to qualified immunity. Plaintiff counters that, in the face of a medical emergency, LVN Wang knew or should have known that she was required to seek immediate medical assistance.

The Court begins its analysis by agreeing with plaintiff that an abscessed tooth may constitute a dental emergency requiring immediate care. In this case, however, there is nothing in the record to suggest that plaintiff was in fact suffering a dental emergency on August 17, 2013, when he complained to LVN Wang about pain and swelling. Instead, the evidence shows that plaintiff rated his pain level at 5-6 on a scale of 1-10 for approximately two weeks; he noted that his pain had "minimum" effect on his daily activities; the two RNs who reviewed plaintiff's health care requests (one on August 16 and the other on August 18) did not think that plaintiff's condition required emergency treatment; and, notably, Dr. Del Debbio, the dentist who extracted plaintiff's tooth on August 21, 2013, did not deem plaintiff's condition to constitute an emergency. Thus, even accepting as true plaintiff's claim that LVN Wang was irritated or dismissive towards his condition, the undersigned must conclude that this conduct, standing alone, does not amount to deliberate indifference.

The Court thus finds that no rational trier of fact would conclude that defendant acted with deliberate indifference to plaintiff's medical needs. Summary judgment should therefore be entered for defendant.[3] In light of this finding, defendant's alternative argument that she is entitled to qualified immunity will not be addressed.

////

---

[3] As an aside, plaintiff repeatedly references FSP and CDCR procedures concerning inmate health care and, in particular, dental emergencies, claiming that defendant failed to follow these procedures as to plaintiff's complaints of pain and swelling. A failure to comply with prison regulations, however, does not establish a federal constitutional violation. See Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009).

9

## V. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 53) be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 5, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/king1817.msj